UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| ERIC JOHNSON, | : | CASE NO. 1:15-CV-2336 |
| Plaintiff, | : | |
| vs. | : | OPINION AND ORDER |
| | : | [Resolving Doc. 27] |
| ROYAL CHEMICAL COMPANY, LTD., | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this disability discrimination case, Defendant Royal Chemical Company, Ltd. ("Royal Chemical") seeks complete interrogatory answers and complete document production for requests served on Plaintiff Eric Johnson.[1] For the following reasons, this Court **GRANTS** in part and **DENIES** in part Defendant's motion to compel.

## I. Background

Plaintiff Eric Johnson brings disability discrimination claims against former employer Defendant Royal Chemical.[2] Royal Chemical asserts an affirmative defense related to Johnson's failure to mitigate his damages.[3]

On July 13, 2016, Royal Chemical served Johnson with its first set of interrogatories and first set of requests for production of documents.[4] Royal Chemical received Johnson's responses on August 17, 2016.[5] Johnson objected to several interrogatories and requests for production related to his mitigation efforts and interim earnings.[6]

---

[1] Doc. 27. Johnson opposes. Doc. 30. Royal Chemical replies. Doc. 31.
[2] Doc. 1.
[3] Doc. 9 at 8.
[4] Docs. 27-1, 27-2, 27-3, 27-4.
[5] Docs. 27-5, 27-6.
[6] *Id.*

Case No. 15-cv-2336
Gwin, J.

On November 14, 2016, Defendant Royal Chemical filed a motion to compel Johnson to answer several interrogatories and requests for production.[7] Royal Chemical seeks this information to support its defenses that Plaintiff failed to mitigate and that Plaintiff's interim earnings should offset any alleged damages. On November 28, 2016, Johnson filed an opposition to Defendant's motion to compel, arguing that Royal Chemical had "not ma[d]e a good faith effort to resolve these issues."[8]

## II. Discussion

Parties may obtain discovery as to any unprivileged matter relevant to any party's claim or defense and proportional to the needs of the case.[9]

*Royal Chemical's Interrogatories*

Defendant Royal Chemical seeks "full and complete responses" to Interrogatory Nos. 2, 8, 11, and 21.[10] In addition to his original objections that these interrogatories were "irrelevant to the subject matter of this matter . . . [and] not reasonably calculated to the discovery of admissible evidence," Johnson now argues that he answered the interrogatories "to his best abilities."[11]

This Court finds the subjects of these interrogatories to be relevant to Plaintiff's disability discrimination claims against Royal Chemical. Royal Chemical has a right to discover what mitigation efforts the Plaintiff undertook and what wages he otherwise received. Therefore, this Court **GRANTS** Royal Chemical's motion to compel as to the interrogatories. Johnson must respond completely to the interrogatories within fourteen days of this opinion.

---

[7] Doc. 27. At a November 8, 2016, status conference, the Court instructed Defendant to file a motion to compel if Defendant believed Johnson had not provided discovery to Defendant.
[8] Doc. 30.
[9] Fed. R. Civ. P. 26(b)(1).
[10] Doc. 27 at 3, 6-9.
[11] Doc. 27-5 at 2-14; Doc. 30 at 2.

Case No. 15-cv-2336
Gwin, J.

*Royal Chemical's Requests for Production*

Defendant Royal Chemical also seeks all documents responsive to Requests for Production Nos. 22, 24, 25, 26, 27, and 28.[12] Because these requests similarly deal with Plaintiff Johnson's mitigation efforts and interim earnings, this Court finds that Requests for Production Nos. 22, 25, 26, 27, and 28 are relevant to Plaintiff's disability discrimination claim. The Court **GRANTS** Defendant's motion to compel as to these requests for production. Johnson must produce documents responsive to Requests for Production Nos. 22, 25, 26, 27, and 28 within fourteen days of this opinion.

Request for Production No. 24 seeks Ohio Bureau of Workers' Compensation records related to Johnson's participation in the Bureau's vocational rehabilitation.[13] Because Royal Chemical itself has access to these documents, this Court **DENIES** Defendant's motion to compel responses to Request for Production No. 24.

### III. Conclusion

For the foregoing reasons, this Court **GRANTS** in part and **DENIES** in part Defendant Royal Chemical's motion to compel.

IT IS SO ORDERED.

Dated: December 12, 2016            *s/         James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[12] Doc. 27 at 3-7.
[13] *Id.* at 5.