UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
ERIC JOHNSON,                   :       CASE NO. 1:15-CV-2336
                                                :
          Plaintiff,                       :
                                                :
     vs.                                    :       OPINION AND ORDER
                                                :       [Resolving Doc. 33]
ROYAL CHEMICAL COMPANY, LTD.,   :
                                                :
          Defendant.                   :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Eric Johnson, *pro se*, brings disability discrimination, intentional infliction of emotional distress, breach of contract, "bad faith breach of contract," and promissory estoppel claims against his former employer, Defendant Royal Chemical Company, Ltd. ("Royal Chemical").[1] Defendant moves for summary judgment as to all counts.[2] For the following reasons, this Court **GRANTS** Defendant's motion for summary judgment.

**I. Background**

At its core, this case concerns whether Defendant Royal Chemical fired Plaintiff Johnson, a former employee, because of his alleged disability or fired Johnson because of his work absences.

Royal Chemical, a chemical blending company, hired Johnson in 1996 as a full-time general laborer.[3] After a 1998 workplace injury, Johnson occasionally experienced pain in his left foot.[4] Because of the pain, the company permitted Johnson to wear tennis shoes instead of steel-toe boots. Royal Chemical manager Brian Schiavoni also provided Johnson with hard-

---
[1] Doc. 8.
[2] Doc. 33.
[3] Doc. 33-2 at 10, 19-20.
[4] *Id.* at 20-23.

Case No. 1:15-cv-2336
Gwin, J.

plastic caps and rubber covers for his tennis shoes.[5] Johnson claims that a chemical product spilled on his tennis shoes and burned him in 2008, but he did not miss work or seek medical treatment afterwards.[6]

In 2009, Johnson began seeing Dr. Debra Thornton about his foot pain.[7] On April 14, 2009, Dr. Thornton wrote Johnson a doctor's note requesting six months of light-duty restrictions for Johnson, including "[n]o prolonged standing or walking . . . [and] allow[ing] Mr. Johnson to wear tennis shoes to work."[8] On July 23, 2009, Dr. Thornton placed Johnson on temporary disability due to his foot pain.[9]

In September 2009, Dr. Thornton completed a Return to Work Authorization and Johnson returned to Royal Chemical.[10] The Authorization stated that Johnson could perform clerical work and label making.[11] Johnson worked in the company's label room until late 2010, when he returned to the production floor as a general laborer.[12]

On November 9, 2012, Johnson failed to come into work.[13] He claims that he left a voicemail with Royal Chemical that morning.[14] Johnson never called in or returned to work again.[15] On November 12, 2012, Johnson mailed Royal Chemical a letter demanding that no one from the company contact him, otherwise they would be liable for $500,000 "per occurrence of contact."[16] Royal Chemical called Johnson the next day, but he did not return the call.[17]

---

[5] *Id.* at 11, 14.
[6] *Id.* at 38.
[7] *Id.* at 42.
[8] Doc. 33-6.
[9] Doc. 8 at ¶ 13.
[10] Doc. 33-7; Doc. 33-2 at 44.
[11] *Id.*
[12] Doc. 33-2 at 49.
[13] *Id.* at 55.
[14] *Id.* at 56.
[15] *Id.* at 57.
[16] Doc. 33-8.
[17] Doc. 33-9.

Case No. 1:15-cv-2336
Gwin, J.

Royal Chemical's employee handbook includes a no-call/no-show policy. Under the policy, "[f]ailure to report to work or notify the company of your absence for three (3) consecutive work days is considered an abandonment of position and a voluntary resignation."[18] Seemingly consistent with this absentee policy, Royal Chemical fired Johnson on November 14, 2012, for failing to call off or come into work on November 12, 13, and 14, 2012.[19]

*Procedural History*

On July 31, 2015, the U.S. Equal Employment Opportunity Commission issued Johnson a Right to Sue letter.[20] Johnson filed his complaint with this Court on November 13, 2015.[21]

Plaintiff Johnson brings six claims against Defendant Royal Chemical: (1) disability discrimination in violation of 42 U.S.C. § 12112(a); (2) disability discrimination in violation of Ohio Revised Code § 4112.02(A); (3) intentional infliction of emotional distress; (4) "bad faith breach of contract"; (5) breach of contract; and (6) promissory estoppel.[22]

On December 16, 2016, Defendant Royal Chemical filed a motion for summary judgment.[23] Royal Chemical argues that Johnson fails to make a prima facie discrimination case, and, even if he did, Royal Chemical had legitimate reasons for terminating him.[24] Royal Chemical also argues that there is insufficient evidence of "outrageous" or "extreme" conduct to sustain an emotional distress claim.[25] Finally, Royal Chemical argues that there were no

---

[18] Doc. 33-5 at ¶ 12.
[19] Doc. 33-9.
[20] Doc. 8-1.
[21] The case was originally before Judge Polster, but was reassigned to Judge Gwin on June 30, 2016, after Judge Polster's recusal. Doc. 15.
[22] Doc. 8.
[23] Doc. 33.
[24] *Id.* at 10-12.
[25] *Id.* at 14-15.

-3-

Case No. 1:15-cv-2336
Gwin, J.

agreements between Johnson and the company to support breach of contract or promissory estoppel claims.[26]

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[27] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[28] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[29] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[30] But the Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[31]

The moving party may also meet its burden under Rule 56 by "demonstrating the absence of evidence to support one of the essential elements of the nonmoving party's claim."[32]

## III. Discussion

*A. Disability Discrimination*

Plaintiff Johnson brings disability discrimination claims under the Americans with Disabilities Act (ADA) and Ohio Revised Code Chapter 4112.02(A).[33] Because claims brought under the ADA and O.R.C. § 4112.02(A) entail the "same legal analysis,"[34] the Court addresses Plaintiff's state and federal disability discrimination claims together.

---

[26] *Id.* at 16-20.
[27] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. Pro. 56(a)).
[28] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[29] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[30] *Id.* at 586.
[31] *Killion*, 761 F.3d at 580. (internal citation omitted).
[32] *Marie v. American Red Cross*, 771 F.3d. 344, 351 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 322-25).
[33] Doc. 8 at ¶¶ 30-42.
[34] *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 418 (6th Cir. 2004).

-4-

Case No. 1:15-cv-2336
Gwin, J.

*1. Failure to Provide Reasonable Accommodation*

Plaintiff Johnson alleges that Defendant Royal Chemical failed to provide reasonable accommodations.[35]

The ADA requires employers to make reasonable accommodations for known disabilities unless doing so would result in an undue hardship to the employer.[36] In order to establish a *prima facie* case for failure to accommodate, a plaintiff must show that: "(1) [he] is disabled within the meaning of the Act; (2) [he] is otherwise qualified for the position, with or without reasonable accommodation; (3) [his] employer knew or had reason to know about [his] disability; (4) [he] requested an accommodation; and (5) the employer failed to provide the necessary accommodation."[37]

Defendant Royal Chemical accommodated Plaintiff Johnson throughout his employment. After Johnson injured his left foot in 1998, Royal Chemical accommodated him by allowing him to sit when needed, to wear tennis shoes, and to perform temporary light-duty work in the company's label room.[38] Similarly, after an alleged chemical burn in 2008, Royal Chemical complied with a doctor's note restricting Johnson to light-duty work until October 19, 2009.[39] In fact, Johnson completed light-duty work in the label room until at least late 2010.[40] When asked if Royal Chemical manager Brian Schiavoni ever refused one of his accommodation requests, Johnson responded, "No. He gave me everything."[41]

---

[35] Doc. 8 at ¶ 35.
[36] 42 U.S.C. § 12112(b)(5)(A).
[37] *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x. 974, 982–83 (6th Cir. 2011).
[38] Doc. 36-2 at 10-11, 19-20, 23-24, 27.
[39] Doc. 33-2 at 49.
[40] *Id.*
[41] *Id.* at 6.

Case No. 1:15-cv-2336
Gwin, J.

Plaintiff Johnson cannot identify a single accommodation that Royal Chemical failed to provide him, and he therefore does not meet prong five of his prima facie case. Johnson's reasonable accommodation claim fails.

*2. Discriminatory Discharge*

Plaintiff Johnson also alleges that Royal Chemical terminated him because of his disability.[42]

The ADA bars employers from terminating an employee "because of" the employee's disability.[43] In the absence of direct evidence of discrimination, courts analyze ADA discrimination claims following the *McDonnell Douglas Corp. v. Green*[44] burden-shifting framework. Under the *McDonnell Douglas* framework, a plaintiff must first set out a prima facie case of discrimination.[45] The employer must then "articulate some legitimate nondiscriminatory reason" for its action.[46] The burden finally returns to plaintiff to prove that the stated reason is a pretext for disability discrimination.[47] Because Johnson lacks direct evidence of discrimination, the Court proceeds with the *McDonnell Douglas* framework.

A plaintiff may establish a prima facie case of disability discrimination under the ADA by showing that: (1) he is a "disabled" person within the meaning of the Act; (2) he is otherwise qualified to perform the essential functions of the position, with or without reasonable accommodation; (3) he suffered an adverse employment decision due to his disability; and (4) the employer knew or had reason to know of his disability.[48] Defendant Royal Chemical challenges Johnson's ability to satisfy the second and third prongs of the prima facie case.

---

[42] Doc. 8 at ¶¶ 34, 39-42.
[43] *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 321 (6th Cir. 2012) (en banc).
[44] 411 U.S. 792 (1973).
[45] *Williams v. Union Underwear Co., Inc.*, 614 F. App'x 249, 253 (6th Cir. 2015).
[46] *Id.* at 253-54.
[47] *Id.*
[48] *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810 (6th Cir. 1999).

-6-

Case No. 1:15-cv-2336
Gwin, J.

Plaintiff Johnson cannot satisfy prong two of the prima facie case because Johnson was not qualified to perform the essential functions of his position at Royal Chemical when he was terminated. After his termination, Johnson petitioned the Bureau of Workers' Compensation for temporary total disability payments.[49] Under Ohio law, "temporary total disability" is a disability which prevents a worker from returning to his former position of employment.[50] The Bureau awarded him payments that dated back to November 12, 2012—the date Johnson stopped calling in or showing up to Royal Chemical.[51] Johnson testified that he was unable to perform any work during November 2012, including the general laborer duties at Royal Chemical.[52] By his own admission, Plaintiff was not qualified to perform his job's requirement, with or without reasonable accommodation, when he was terminated.

Nor can Johnson satisfy prong three of the prima facie case. Johnson cannot establish a nexus between his disability and Royal Chemical's adverse employment decision. In lieu of direct evidence of discrimination, a plaintiff can satisfy his prima facie case of discrimination by presenting evidence "sufficient to support a reasonable inference" that his employer treated him adversely because of the plaintiff's disability.[53] Johnson offers no evidence—direct or circumstantial—supporting such an inference. In fact, Johnson's termination happened because Johnson unilaterally decided to stop coming in to work. Johnson violated the company's three-day no-call/no-show attendance policy; his alleged disability was irrelevant to his termination. Johnson has not established a genuine issue of material fact as to the reasons for his termination.

---

[49] Doc. 33-2 at 106-07.
[50] *State ex rel. Ramirez v. Indus. Comm'n of Ohio*, 433 N.E.2d 586, 588-89 (1982); *see also* Ohio R.C. § 4123.56.
[51] Doc. 33-2 at 106-07 ("Q. So you could not have worked for Royal Chemical from November 2012 through December 2013? A. No. I couldn't. Q. Or anybody else, for that matter, because you were on total temporary disability? A. Yes.").
[52] *Id.*
[53] *Williams v. Union Underwear Co., Inc.*, 614 F. App'x 249, 254-55 (6th Cir. 2015); *cf. Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) (holding that temporal proximity between employer learning of disability and adverse employment action is sufficient to constitute evidence of causal connection for prime facie case).

Case No. 1:15-cv-2336
Gwin, J.

*B. Infliction of Emotional Distress*

Plaintiff Johnson also brings an Ohio state law claim against Royal Chemical for intentional infliction of emotional distress. To recover on an intentional infliction of emotional distress claim, Plaintiff must prove four elements:

> (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff, (2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community," (3) that the actor's actions were the proximate cause of plaintiff's psychic injury, and (4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it."[54]

For the conduct to qualify as sufficiently extreme and outrageous, "[g]enerally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!"[55]

Plaintiff Johnson fails to show any outrageous conduct by Royal Chemical. He alleges that Royal Chemical "intentional[ly], willful[ly], and wanton[ly]" injured him,[56] but offers insufficient evidence to substantiate these allegations. Johnson's termination also fails to provide grounds for an emotional distress claim. It is well established that wrongful termination of employment alone is not "extreme and outrageous conduct" without an allegation of "something more."[57] Even if Johnson's termination were wrongful, Johnson does not offer any evidence of additional extreme and outrageous conduct by Royal Chemical.

And even if Royal Chemical's conduct were "outrageous," Plaintiff Johnson's claim fails for an independent reason: Johnson offers no evidence that he suffered serious emotional

---

[54] *Pyle v. Pyle*, 463 N.E.2d 98, 103 (Ohio App. Ct. 1983) (quoting Restatement (Second) Torts § 46 cmts. d, j (1965)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).
[55] *Yeager v. Local Union 20, Teamsters*, 453 N.E.2d 666, 671 (Ohio 1983) (quoting Restatement (Second) Torts § 46, cmt. d (1965)).
[56] Doc. 8 at ¶ 40.
[57] *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999).

-8-

Case No. 1:15-cv-2336
Gwin, J.

distress. Ohio courts have held that "[s]ummary judgment is appropriate when the plaintiff presents no testimony from experts or third parties as to the emotional distress suffered and where the plaintiff does not seek medical or psychological treatment for the alleged injuries."[58] There is no evidence supporting Johnson's claims of "embarrassment, mental anguish, loss of reputation, [and] loss of self-esteem" cited in the Amended Complaint.[59] Johnson's intentional infliction of emotional distress claim fails.

### C. Breach of Contract & Promissory Estoppel

Plaintiff Johnson finally makes claims for "bad faith breach of contract," breach of contract, and promissory estoppel.[60] The Court construes Plaintiff's "bad faith breach of contract" claim as a claim for breach of the implied covenant of good faith and fair dealing. Each claim essentially alleges that Royal Chemical violated a terms-of-employment agreement when it terminated Johnson.

Johnson's breach of contract claim loses because he cannot point to any contract that Royal Chemical violated. To prevail on a breach of contract claim, a plaintiff must establish the existence of a contract.[61] Plaintiff alleges that his job application and a Return to Work Authorization completed by his doctor are "implied contract[s]" that Royal Chemical violated when it terminated him.[62] There is no evidence that either of these documents involved an offer, acceptance, meeting of the minds, or exchange of consideration.[63] Without these elements, there is no contract and Johnson's breach of contract claim loses. Moreover, without a breach of

---

[58] *Crable v. Nestle USA, Inc.*, No. 86746, 2006 WL 1555405, at *9 (Ohio Ct. App. June 8, 2006).
[59] *See* Doc. 8 at ¶ 46.
[60] *Id.* at ¶¶ 51-65.
[61] *Moncrief v. Bohn*, 9 N.E.3d 508, 514 (Ohio App. Ct. 2014).
[62] Doc. 8 at ¶¶ 52-57.
[63] *See Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002).

Case No. 1:15-cv-2336
Gwin, J.

contract claim, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing cannot survive.[64]

Johnson's promissory estoppel claim also loses because he cannot point to a promise by Royal Chemical guaranteeing him a job. To prevail on a promissory estoppel claim, a plaintiff must establish the existence of "a clear and unambiguous promise."[65] In the employment context, the plaintiff must prove that the "employer made a discrete promise relating to job security."[66] Johnson's Amended Complaint alleges that Royal Chemical promised him that "[he] would continue to be employed."[67] But when asked about this alleged agreement, Plaintiff could only testify that Royal Chemical promised to be a "harassment-free company," to "resolve any safety issues," and to "have a safe environment."[68]

Plaintiff Johnson provides no evidence that Royal Chemical specifically promised to employ him in the future. Instead, all evidence indicates that Johnson's employment was at-will.[69] Because Johnson lacks a promise of future employment from Royal Chemical, the Court grants summary judgment on his promissory estoppel claim.

---

[64] *See Frisch v. Nationwide Mut. Ins. Co.*, 553 F. App'x 477, 482 (6th Cir. 2014) ("Ohio law does not recognize a standalone claim for breach of the implied covenant of good faith and fair dealing.").
[65] *Baseball at Trotwood, LLC v. Dayton Professional Baseball Club, LLC*, 204 F. App'x 528, 540 (6th Cir. 2006).
[66] *Dawson v. Qube Corp.*, 6 F. Supp. 2d 677, 680 (N.D. Ohio 1998).
[67] Doc. 8 at ¶ 62.
[68] Doc. 33-2 at 96-98.
[69] Johnson's 1996 employment application to Royal Chemical states the following: "In consideration of my employment, I agree to conform to the company's rules and regulations, and I agree that my employment and compensation can be terminated, with or without cause, and with or without notice, at any time, at either my or the company's option." Doc. 33-3 at 2.

Case No. 1:15-cv-2336
Gwin, J.

## IV. Conclusion

For the foregoing reasons, this Court **GRANTS** Defendant Royal Chemical's motion for summary judgment.

IT IS SO ORDERED.

Dated: January 31, 2017                    *s/        James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE